# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT M. ANDERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 6241 |
| | ) | |
| AON CORPORATION, AON RISK | ) | |
| SERVICES OF SOUTHERN | ) | |
| CALIFORNIA, and PETER ARKLEY, | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Anderson (a California citizen) contends that Aon Corporation (a Delaware corporation with its principal place of business in Illinois) made false and misleading statements that induced him to hold rather than sell his Aon stock. He also contends that defendants Aon Risk Services, Inc. of Southern California and Peter Arkley, the President and Chief Executive Officer of one of Aon Risk Service's business units, are liable for these alleged misrepresentations. Specifically, in the most recent version of his complaint, Mr. Anderson asserts a "holder's action" based on a theory of common law fraud (Count I), a claim based on § 17200 of California's Business & Professions Code (Count II), and claims for breach of fiduciary duty (Count III) and civil conspiracy (Count IV). The defendants' motion to dismiss is before the court. For the following reasons, the court finds that Illinois law applies and grants the defendants' motion to dismiss but will allow Mr. Anderson to replead.

**I.     Background**

   **A.     Procedural Posture**[1]

      **1.     The 2003 Complaint**

In September of 2003, Mr. Anderson filed suit against Aon, Patrick Ryan (Aon's principal executive officer), and Harvey Medvin (Aon's principal financial officer) in the California Superior Court for the County of Orange based on federal securities fraud and common law fraud theories. In this complaint, Mr. Anderson claimed, among other things, that Aon's public filings and statements contained misrepresentations that caused him to hold onto the corporation's stock rather than sell it for a profit.

The defendants removed the state court action to the United States District Court for the Central District of California on the basis of both diversity and federal question jurisdiction. Next, they filed a motion to dismiss or transfer the case to the Northern District of Illinois, arguing that the California district court lacked personal jurisdiction over Ryan and Medvin (both of whom are Illinois citizens) and that venue was improper. In response, Mr. Anderson filed an amended complaint that dropped Messrs. Ryan and Medvin.

After Aon renewed its motion to transfer or dismiss, the California district court issued a tentative ruling expressing its intention to transfer the case to Illinois. This tentative ruling

---

[1] Normally, when reviewing a Rule 12(b)(6) motion to dismiss, the court's review is confined to the four corners of the plaintiff's complaint. *See Carter v. Stanton*, 405 U.S. 669, 671 (1972). Here, however, the parties have provided copies of filings in this action that were made before state and federal courts in California. Because these filings were made in this case prior to its transfer to Illinois, the court is not limited by principles of judicial notice. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 n.6 (7th Cir. 1997) (judicial notice may be taken of filings before another court for the limited purpose of recognizing the judicial act involved or the subject matter of the litigation).

indicated – but did not expressly hold – that Illinois law likely governed the dispute based on California's "governmental interest" choice-of-law test. Before the California court could obtain a draft order from the parties and issue a formal transfer order, Mr. Anderson voluntarily dismissed his case without prejudice.

### 2. The 2005 Complaint

On June 15, 2005, Mr. Anderson filed a second complaint in the California Superior Court for the County of Orange. This complaint named Aon, as well as Aon Risk Services, Inc. of Southern California ("ARS"), and Peter Arkley (collectively, "the California defendants"), as defendants. ARS is a California-based Aon subsidiary, and Mr. Arkley is President and Chief Executive Officer of an ARS business unit called Aon Construction Services Group ("CSG"). This complaint repeated Mr. Anderson's contention that he had been defrauded into holding Aon stock, and included counts based on state law common law fraud, unfair competition, breach of fiduciary duty, and civil conspiracy, as well as federal RICO violations.

The defendants removed this action to the United States District Court for the Central District of California based on federal question jurisdiction. Their notice of removal also argued that the California defendants had been fraudulently joined and thus raised diversity jurisdiction as an additional basis for removal. In response, Mr. Anderson voluntarily dismissed his RICO claim and filed a motion for remand, claiming that the parties were not diverse and that the court could not exercise federal question jurisdiction.

The California district court denied the motion to remand. In support, and relying on Ninth Circuit law, it held that jurisdiction must be evaluated as of the time of removal and that it had the discretion to retain jurisdiction over the state law claims even after Mr. Anderson's

dismissal of his RICO claims. It then decided to retain jurisdiction because it had already invested a considerable amount of time into the first removed case. It also indicated, but did not expressly hold, that Mr. Anderson had fraudulently joined the California defendants since the complaint did not appear to state a colorable claim against them.

### 3. The California District Court's Transfer of this Case to this District

After the California district court denied Mr. Anderson's motion to remand, the defendants renewed their motion to transfer or dismiss. The California district court granted the motion to transfer and thus did not reach the merits of the motion to dismiss. In issuing this ruling, the court applied California's governmental interest test and held that "under California choice of law rules, courts in fraud cases apply the law of the jurisdiction where the misrepresentations were made." *See* Order Granting Transfer at 7 (attached to the defendants' memorandum as Ex. A). It then found that "[n]one of the statements and or omissions that are the subject of the action were discussed, reviewed or approved in California" and "[t]he dispute at issue has little contact with [California]." Based on these facts, it concluded that it was likely that Illinois law would apply. *Id*. at 6-7.

### 4. The Complaint's Allegations

The complaint filed by Mr. Anderson in the California Superior Court for the County of Orange on June 15, 2005, that was removed to California district court and then transferred to the Northern District of Illinois is currently before this court (with the exception of Mr. Anderson's RICO claim, which he voluntarily dismissed before the case was transferred). Mr. Anderson alleges that he acquired Aon stock in October of 1997 and that while holding this stock, Aon made inaccurate statements about its financial results and future prospects for a period of

approximately three years (from May 1999 through June 2002). According to Mr. Anderson, these statements caused him to hold (rather than sell) his Aon stock.

There are four remaining counts, all of which are based on state law: (1) a "holder's action" based on a theory of common law fraud (Count I); (2) a claim based on § 17200 of California's Business & Professions Code (Count II); (3) a claim for breach of fiduciary duty (Count III); and (4) a claim of civil conspiracy (Count IV). The defendants seek to dismiss Mr. Anderson's complaint in its entirety.

## II. Jurisdiction

The parties' briefs do not address the basis for this court's jurisdiction. It cannot be diversity, as the plaintiff and two of the defendants are California citizens. The record makes clear that the California defendants believe they were fraudulently joined, but the California defendants have not sought dismissal based on this ground. The California district court retained jurisdiction in its discretion after Mr. Anderson's voluntary dismissal of his RICO claim. This court finds that because federal question jurisdiction existed at the time of removal, the dismissal of the federal claim does not affect its ability to exercise jurisdiction over a complaint that now exclusively seeks relief under state law. *See Gossmeyer v. McDonald*, 128 F.3d 481, 488 (7th Cir. 1997) ("Whether subject matter exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed" because "[o]nce an action is properly removed . . . , amendment of the complaint . . . does not defeat the original removal").

### III. Discussion

#### A. Standard for a 12(b)(6) Motion to Dismiss

A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice" of the plaintiff's claims and the basis for those claims. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007). According to the Seventh Circuit, this language imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964. Second, the factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*

However, "[a] complaint need not "allege all, or any, of the facts logically entailed by the claim," and it certainly need not include evidence." *Tamayo v. Blagojevich*, No. 07-2975, — F.3d —, 2008 WL 2168638, at *4 (7th Cir. May 27, 2008). Instead, a complaint contains enough details if it includes allegations that show that "it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* at *7 (internal quotations and citations omitted).

Meanwhile, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). The court must also assume the truth of all well-pleaded facts, construing the allegations liberally and viewing them in the light most

favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992).

B. **Fraud (Count I)**

The parties agree that Mr. Anderson's fraud claim is a holder's action and that Illinois does not recognize holder's actions but California does. Thus, the defendants unsurprisingly argue that Illinois law applies and Mr. Anderson vigorously contends that California law governs or, alternatively, contends that the court can simultaneously apply both Illinois and California law.

It is well established that "the district court to which a case is transferred should . . . [apply the transferee court's] choice of law rules." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, Nos. 07-1660 & 07-2116, — F.3d —, slip op. at 5 (7th Cir. Jun. 3, 2008), *citing Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). As noted by the transferee court in this case, California uses a "governmental interest" test to determine choice of law. *McGee v. Arabian Am. Oil Co.*, 871 F.2d 1422 (9th Cir. 1989). Under this test:

> [f]irst, the court must determine whether the proposed foreign rule of decision differs from the forum rule. If there is a difference in the possible rules of decision, the court must next examine each jurisdiction's interest in the application of its standard to determine whether a true conflict exists. If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a false conflict and the law of the interested jurisdiction is applied. If more than one state has a legitimate interest, the court must move to the third stage of the analysis, which focuses on the comparative impairment of the interested jurisdictions. At this stage, the court seeks to identify and apply the law of the state whose interest would be the more impaired if its law were not applied.

*Id*. (internal citations and quotations omitted).

It is undisputed that Illinois law does not allow holder's actions but California law does. The court must thus move to the second step and examine each jurisdiction's interest in the application of its law. The court finds that Illinois has a compelling and legitimate interest in the application of its laws because Mr. Anderson's complaint is premised on alleged misstatements made in Illinois by Aon, a company that is headquartered in Illinois. In this regard, the court notes its agreement with the transferee court's finding that "[n]one of the statements and or omissions that are the subject of the action were discussed, reviewed or approved in California," and that "[t]he dispute at issue has little contact with [California]." *See* Order Granting Transfer at 6-7. On the other hand, the court acknowledges that California has an interest in this action as Mr. Anderson is a California citizen and he chose to initially file suit in California state court and to invoke California law.

The court thus will turn to the third and final step: whether Illinois or California's interests would be more impaired if their laws were not applied. Courts applying California's governmental interest test give great weight to the location of the alleged wrongs. *See Abogados v. AT&T, Inc.*, 223 F.3d 932, 935 (9th Cir. 2000) (under California's governmental interest test, "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest"), *quoting Hernandez v. Burger*, 102 Cal.App.3d 795, 802 (Cal. Ct. App. 1980); *McGhee v. Arabian American Oil Co.*, 871 F.2d at 1425-26 (under California's governmental interest test, Saudi Arabia had the most significant interest in applying its law because the alleged wrongdoing occurred there); *see also J. P. Morgan & Co., v. Sup. Ct.*, 113 Cal.App.4th 195, 221-222 (Cal. Ct. App. 2003) (under California's governmental interest test, a state "definitely has an interest in deterring fraudulent conduct by businesses headquartered

within its borders and protecting consumers from fraudulent misrepresentations emanating from [that state]").

The alleged wrongs and the situs of the material actions in this case occurred in Illinois. The fact that Mr. Anderson resides in California is mere happenstance: he could have resided anywhere. Under California choice of law rules, and based on Mr. Anderson's allegations of wrongdoing, when the court balances California's limited interest and Illinois' significant interest, the scales tip in favor of Illinois. The court thus concludes that California's governmental interest test dictates that Illinois law controls.

Perhaps recognizing this (Mr. Anderson's brief devotes only thirteen lines of text to his contention that California's interests should trump Illinois' interests), Mr. Anderson argues at length that even if Illinois law applies, the court can apply both Illinois and California law simultaneously. Barring a tumble down Lewis Carroll's rabbit hole, the court does not see how this is feasible: the court cannot decline to recognize a holder's action *and* at the same time recognize a holder's action. Moreover, piecemeal application of rules from various states that favor one party is not only an unprincipled way to analyze choice-of-law but is also inconsistent with California's well-established governmental interest test.

In any event, the authority provided by Mr. Anderson in support of his request to apply both Illinois and California law is unpersuasive. Mr. Anderson directs the court's attention to various district court cases that adopted that approach in "blue sky" cases where the relevant securities laws overlapped. *See Klawans v. E.F. Hutton & Co. Inc.*, No. IP 83-680-C, 1989 U.S. Dist. LEXIS 18194 (S.D. Ind. Feb. 1989); *Simms Inv. Co. v. E.F. Hutton & Co. Inc.*, 688 F.Supp. 193 (M.D.N.C. 1988); *Barnebey v. E.F. Hutton & Co.*, 715 F.Supp. 1512 (M.D.Fla. 1989). In

this case, the relevant laws do not overlap. Instead, they directly conflict. Moreover, claims of fraud are inherently state specific. Finally, and most critically, California's governmental interest test applies, and it does not permit the court to apply divergent laws from two different states.

Accordingly, the court will apply Illinois law to this case. Since the parties agree that Illinois law does not recognize holder's actions, Mr. Anderson's fraud claim (which advances a holder's action) fails to state a claim under Illinois law. Thus, the court will not reach Aon's alternative arguments supporting its request for dismissal of Mr. Anderson's fraud claim as it is currently pleaded. The court will, however, grant his request to allow him to replead his fraud count under Illinois and federal law, consistent with this order and counsel's Rule 11 obligations.

### C. California's Business & Professions Code (Count II)

Count II seeks relief under § 17200 of California's Business & Professions Code. As discussed, Illinois law applies to this case. Thus, Count II, which is based on California law, is dismissed with prejudice.

### D. Breach of Fiduciary Duty (Count III)

Aon moves to dismiss Mr. Anderson's breach of fiduciary claim duty claim, arguing that Mr. Anderson must pursue this claim via a derivative action as he lacks standing to bring his own direct suit against it. In response, Mr. Anderson contends that Illinois courts allow a shareholder to bring his own direct action even where the corporation has also suffered injury from the same actions. In support, he cites to *Zokoych v. Spalding*, 36 Ill.App.3d 654 (1st Dist. 1976), characterizing this case as holding that if "the gravamen of the Complaint states an injury to the plaintiff as an individual, and the injury arises out of a breach of the fiduciary duty owed by the wrongdoer to the shareholders, the plaintiff may bring a direct action." Response at 20.

The court, however, reads *Zokoych* more narrowly. In that case, the Illinois Appellate Court considered whether the "'gravamen' of the pleadings states injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole." *See Elmhurst Consulting, LLC v. Gibson*, 219 F.R.D. 125, 127 n.1 (N.D. Ill. 2003), *quoting Zokoych v. Spalding*, 36 Ill.App.3d at 663. The plaintiff in *Zokoych* contended that he had been injured when the defendant corporation removed him as president and director, deprived him of his pledged stock and salary, and left him as guarantor of the company's debt. The *Zokoych* court concluded that these injuries were individual and separate from any injury to the company. *See id*.

The injuries claimed in *Zokoych* thus did not overlap with injuries potentially affecting all shareholders. The court thus does not read *Zokoych* as holding that any injury of any type that is felt by a shareholder can be the subject of a direct action. This conclusion is supported by Seventh Circuit precedent, which directs the court to consider whether a plaintiff can prevail on his claim without also establishing an injury or breach of duty owed to the company. *See Frank v. Hadesman and Frank*, 83 F.3d 158, 160 (7th Cir. 1996), *quoting* The American Law Institute's Principles of Corporate Governance: Analysis and Recommendations § 7.01 (1992) ("An action in which the holder [*i.e.*, the investor] can prevail only by showing an injury or breach of duty to the corporation should be treated as a derivative action . . . . An action in which the holder can prevail without showing an injury or breach of duty to the corporation should be treated as a direct action that may be maintained by the holder in an individual capacity").

Here, Mr. Anderson contends that Aon furnished reports that were false and misleading. Aon's obligation to furnish accurate reports runs to all of its shareholders, not just Mr. Anderson.

Thus, Mr. Anderson cannot bring a direct action based on Aon's allegedly inaccurate reports so his breach of fiduciary claim based on these reports is dismissed. He may, however, replead this count consistent with this opinion and counsel's Rule 11 obligations.

### E. Civil Conspiracy (Count IV)

Under Illinois law, the elements of civil conspiracy are (1) an agreement between two or more people, (2) to accomplish an unlawful act or a lawful acts through unlawful means, (3) where at least one of the conspirators committed an overt or unlawful act in furtherance of the conspiracy which is itself a tort. *See Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 63 (Ill. 1994). This means that a civil conspiracy claim cannot survive without a separate, predicate tort. *See id*.

Mr. Anderson argues that fraud and breach of the federal securities laws are each an independent tort. The court, however, has dismissed Mr. Anderson's fraud claim with leave to replead so he does not have a pending fraud claim. Moreover, his complaint does not allege a breach of the federal securities laws. Thus, there is no predicate tort so his civil conspiracy claim cannot stand.

The court also notes that Mr. Anderson's response does not address the defendants' contention that he has failed to plead facts relating to civil conspiracy with sufficient particularity. He should bear this in mind as necessary when drafting his amended complaint and when responding to the expected motion to dismiss that amended complaint.

## IV. Conclusion

Mr. Anderson's motion for leave to file a sur reply instanter [#90] and the defendants' motion to dismiss [#82] are granted. Mr. Anderson may file an amended complaint, consistent

with this opinion and counsel's Rule 11 obligations, by July 14, 2008. The defendants' answer or responsive pleading is due by August 4, 2008.

DATE:   June 16, 2008

_____
Blanche M. Manning
United States District Judge