IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT M. ANDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06 C 6241 |
| | ) | |
| AON CORPORATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In the latest version of his complaint, plaintiff Robert Anderson contends that Aon Corporation made misrepresentations that induced him to sell a PUT option on his Aon stock in June of 2002. According to Mr. Anderson, as a result of selling his PUT option, he suffered a loss when he subsequently sold the Aon stock that had been subject to the option because he no longer had protection from any drop in the stock's value. Based on these facts, Mr. Anderson alleges that Aon violated federal and state securities laws (Counts I and II, respectively). In its motion to dismiss, Aon contends, among other things, that Mr. Anderson's securities claims are time-barred. For the reasons discussed below, the court agrees that Mr. Anderson's securities claims are untimely. Hence, his complaint is dismissed with prejudice.

**I.    Background**

**A.    The First Complaint**

In September of 2003, Mr. Anderson filed suit against Aon, Patrick Ryan (Aon's principal executive officer), and Harvey Medvin (Aon's principal financial officer) in the California Superior Court for the County of Orange based on federal securities fraud and common law fraud theories. That complaint was a holder's action (*i.e.*, a claim that Aon's public filings and statements contained misrepresentations that caused Mr. Anderson to "hold" onto his

Aon stock rather than sell the stock for a profit) and did not include claims for securities fraud arising under federal or state securities laws.  The complaint alleged that Mr. Anderson became aware of the purported fraudulent nature of Aon's public filings and statements on or about September 27, 2002.  *See* First Complaint at ¶¶ 22, 25, 31.

The defendants removed the state court action to the United States District Court for the Central District of California on the basis of both diversity and federal question jurisdiction. Next, they filed a motion to dismiss or transfer the case to the Northern District of Illinois, arguing that the California district court lacked personal jurisdiction over Ryan and Medvin (both of whom are Illinois citizens) and that venue was improper.  In response, Mr. Anderson filed an amended complaint that dropped Messrs. Ryan and Medvin.

After Aon renewed its motion to transfer or dismiss, the California district court issued a tentative ruling expressing its intention to transfer the case to Illinois.  This tentative ruling indicated – but did not expressly hold – that Illinois law likely governed the dispute based on California's "governmental interest" choice-of-law test.  Before the California court could obtain a draft order from the parties and issue a formal transfer order, Mr. Anderson voluntarily dismissed his case without prejudice.

  **2.**  **The Second Complaint**

    **a.**  **Proceedings in State and Federal Court in California**

On June 15, 2005, Mr. Anderson filed a second complaint in the California Superior Court for the County of Orange.  This complaint named Aon, as well as Aon Risk Services, Inc. of Southern California ("ARS"), and Peter Arkley (collectively, "the California defendants"), as defendants.  ARS is a California-based Aon subsidiary, and Mr. Arkley is President and Chief

Executive Officer of an ARS business unit called Aon Construction Services Group ("CSG"). This complaint repeated Mr. Anderson's contention that he had been defrauded into holding Aon stock. Based on this alleged fraud, Mr. Anderson alleged causes of action for common law fraud, unfair competition, breach of fiduciary duty, RICO, and civil conspiracy. As with the first complaint, Mr. Anderson did not include claims for securities fraud arising under federal or state securities laws, but alleged that he discovered the purported falsity of the public filings and statements on September 27, 2002. *See* Second Complaint at ¶ 49, 55, 63.

The defendants removed this action to the United States District Court for the Central District of California based on federal question jurisdiction. Their notice of removal also argued that the California defendants had been fraudulently joined and thus raised diversity jurisdiction as an additional basis for removal. In response, Mr. Anderson voluntarily dismissed his RICO claim and filed a motion for remand, claiming that the parties were not diverse and that the court could not exercise federal question jurisdiction.

The California district court denied the motion to remand. In support, and relying on Ninth Circuit law, it held that jurisdiction must be evaluated as of the time of removal and that it had the discretion to retain jurisdiction over the state law claims even after Mr. Anderson's dismissal of his RICO claims. It then decided to retain jurisdiction because it had already invested a considerable amount of time in the first removed case. It also indicated, but did not expressly hold, that Mr. Anderson had fraudulently joined the California defendants since the complaint did not appear to state a colorable claim against them.

After the California district court denied Mr. Anderson's motion to remand, the defendants renewed their motion to transfer or dismiss. The California district court granted the

-3-

motion to transfer and thus did not reach the merits of the motion to dismiss. In issuing this ruling, the court applied California's governmental interest test and concluded that it was likely that Illinois law would apply.

### b. Proceedings in Federal Court in Illinois

Once the case was before this court, Aon renewed its motion to dismiss the four remaining state law counts in the second complaint: (1) a "holder's action" based on a theory of common law fraud (Count I); (2) a claim based on § 17200 of California's Business & Professions Code (Count II); (3) a claim for breach of fiduciary duty (Count III); and (4) a claim of civil conspiracy (Count IV). The court found that Illinois law applied to Mr. Anderson's claims. It then dismissed Count I because Illinois law does not recognize "holder's actions," dismissed Count II because it was based on California law, dismissed Count III based on its conclusion that Mr. Anderson cannot bring a direct action for breach of fiduciary duty based on Aon's allegedly inaccurate reports, and dismissed Count IV based on the lack of a predicate tort.

Pursuant to the court's order granting him leave to replead, Mr. Anderson filed a third complaint on July 14, 2008, asserting federal and state securities claims against Aon. Aon then filed the motion to dismiss that is presently before the court.

## II. Discussion

The court will not repeat the standard for a Rule 12(b)(6) motion to dismiss that was set forth in its order addressing Aon's motion to dismiss the second complaint. Instead, it will turn directly to Aon's motion to dismiss and Aon's arguments that Mr. Anderson's federal and state securities claims are time-barred and not subject to tolling or saved by the relation back doctrine.

Because the court agrees that Mr. Anderson's securities claims are untimely, it will not reach the parties' alternate arguments.

### A. The Statute of Limitations for Mr. Anderson's Federal and State Securities Fraud Claims

Federal securities fraud claims must be filed within (1) two years after discovery of the facts constituting the violation (the limitations period) or (2) within five years after the representations were made (the repose period), whichever period is shorter. *See* 28 U.S.C. §1658(b). Mr. Anderson alleges that he discovered Aon's alleged violation of securities laws on or about September 27, 2002. Accordingly, the statute of limitations applicable to his federal securities law claim began to run as September 27, 2002. This means that he had to raise any claims based on federal securities laws within two years of that date, or by September 27, 2004. *See id*.

With respect to Mr. Anderson's state law securities claim, under the Illinois Securities Act, a plaintiff must file a claim within three years after the date of sale or when "the party bringing the action has actual knowledge of the alleged violation of the Act" or within five years after the fraud was committed regardless of when it was discovered. *See* 815 ILCS § 5/13(D)(2). As noted above, Mr. Anderson alleges that he discovered Aon's alleged violation of securities laws on or about September 27, 2002. Accordingly, the statute of limitations applicable to his state securities law claim began to run as September 27, 2002 and he had to raise any claims based on state securities laws within three years of that date, or by September 27, 2005. *See id*.

Because Mr. Anderson first raised claims based on federal and state securities laws in 2008 when he filed his third complaint, the applicable statute of limitations bars those claims

unless the applicable statutes of limitation were tolled or his securities claims relate back to a version of the complaint filed before the expiration of the statute of limitations.

B.     Tolling

In its motion to dismiss, Aon argues at length that Mr. Anderson's claims are not subject to tolling. In response, Mr. Anderson states, "Plaintiff is not asserting that tolling applies here or that the doctrine is relevant." Response at 5. Accordingly, Mr. Anderson has waived any arguments based on tolling.

C.     Relation Back Doctrine

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, that, "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Based on this rule, Mr. Anderson contends that his federal securities claim "relates back" to the date he filed his first complaint, which is the only complaint filed prior to the expiration of the statute of limitations. He also contends that his state securities claim "relates back" to the date he filed his second complaint.

The problem with this argument is that the Seventh Circuit has explicitly held that the relation-back doctrine "simply does not apply" if a plaintiff's earlier complaint was dismissed without prejudice. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002); *see also Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003) ("A dismissal without prejudice is treated for statute of limitations purposes as if suit had never been filed"); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (if a case is dismissed without prejudice, the statute of

limitations is deemed to have run from the date the cause of action accrued, without interruption by the filing of that case). In fact, in *Newell*, the Seventh Circuit reversed a district court that did precisely what Mr. Anderson urges this court to do, stating, "the district court mistakenly assumes that the filing of a case stops the running of the statute of limitations even if that case is later dismissed without prejudice." *Id.*. (collecting cases).

Accordingly, the court rejects Mr. Anderson's arguments about the relation back doctrine. In doing so, it acknowledges that Mr. Anderson has cited district court cases from this district and the Northern District of California allowing relation back despite the fact that the prior complaint at issue was dismissed without prejudice. *See Rainwater v. Budz*, No. 99 C 3531, 2006 WL 1236653 (N.D. Ill. May 3, 2006); *Crump v. City of San Francisco*, No. C06-7793 MJJ, 2007 WL 1140533 (N.D. Cal. Apr. 12, 2007). Mr. Anderson also cites to a number of district court cases that apply the relation back doctrine but do not specify whether the prior complaint was dismissed. Given the presence of binding Seventh Circuit precedent that addresses the precise issue before the court, however, the court declines Mr. Anderson's invitation to forge a new path that diverges from the teachings of the Seventh Circuit. Accordingly, his federal and state securities claims are dismissed with prejudice as they are time-barred.[1]

## IV.     Conclusion

For the reasons set forth above, the court finds that Mr. Anderson's securities claims are time-barred. Accordingly, Aon's motion to dismiss [#105] is granted and Count I (federal

---

[1] The court notes that it has addressed the parties' arguments regarding the timeliness of Mr. Anderson's state securities claim despite the dismissal of his federal securities claim. It clarifies that it did so as it finds that it is appropriate under the circumstances of this case to exercise supplemental jurisdiction over the state law securities claim. *See* 28 U.S.C. § 1367(c).

securities laws) and Count II (state securities laws) of Mr. Anderson's complaint are dismissed with prejudice. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE: December 22, 2008

Blanche M. Manning
United States District Judge